UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GLUE WILKINS,                              :
                                           :
       Plaintiff                      :
                                           :
  v.                                       :   CIVIL NO. 4:CV-06-408
                                           :
MAYOR STEPHEN REED AND THE                 :
HARRISBURG BUREAU OF POLICE,               :
                                           :   (Judge McClure)
       Defendants                     :


## **MEMORANDUM AND ORDER**

March 6, 2006

**Background**

     This pro se civil rights action was initiated by Glue Wilkins ("Plaintiff") in the Dauphin County, Pennsylvania Court of Common Pleas. On February 23, 2006, the Defendants removed the action to this Court.[1] In his complaint, Wilkins, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset), seeks relief under 42 U.S.C. § 1983 and

---

[1] An action commenced in state court which is premised on civil rights violations may be removed by a defendant. See 28 U.S.C. § 1443; West Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995)(civil rights claims regarding federal questions should be permitted to be heard in federal courts).

asserts claims under Pennsylvania state law.  For the reasons set forth below, Wilkins' federal claims will be dismissed without prejudice as legally frivolous and his state law claims will be remanded to the Court of Common Pleas.

Named as Defendants are Harrisburg Mayor Stephen R. Reed, the Harrisburg Police Department and Officers Tim Carter, Shaun Pugh, Kevin Duffin, Peter Rivera, Leslie Brown and Elijah Massey.  It is initially noted that Wilkins has filed prior unsuccessful § 1983 complaints with this Court regarding his 2003 Dauphin County, Pennsylvania attempted homicide conviction.

In his present complaint, Wilkins states that he was arrested on July 17, 2002 and charged with attempted criminal homicide, aggravated assault, robbery, theft of a motor vehicle, terroristic threats, unlawful restraint, and possession of an instrument of crime.  Plaintiff admits that he was convicted of all charges following a jury trial in the Dauphin County Court of Common Pleas and sentenced to a twenty-four (24) year term of imprisonment.

Plaintiff claims that his conviction was the result of perjured testimony, an illegal arrest, and evidence tampering.  Wilkins adds that his conviction was unconstitutional because he was not given his Miranda warnings and denied due process.   The complaint also seeks to establish liability against Mayor Reed under

a theory of vicarious liability.  His complaint seeks compensatory and punitive damages as well as declaratory  relief, specifically, a declaration that the Defendants violated his rights.

**Discussion**

28 U.S.C. § 1915A  provides in pertinent part:

(a)  Screening. -- The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b)  Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2]  The

---

[2] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the
(continued...)

Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is initially noted that a § 1983 action may not be employed to challenge the fact or duration of confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). All of the Plaintiff's present allegations are unquestionably attacking the legality of his Pennsylvania state criminal conviction. Pursuant to the standards announced in Preiser, Wilkins' present complaint to the extent that it seeks to overturn his Dauphin County conviction is not properly asserted under § 1983.

Second, the Plaintiff acknowledges that his claims against Mayor Reed are based on a theory of vicarious liability which is also known as the doctrine of

---

²(...continued)
defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

respondeat superior. In order to state an actionable § 1983 civil rights claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims brought cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Based on the nature of Plaintiff's allegations especially his admission that the claims against Mayor Reed are premised on a theory of vicarious liability, the complaint to the extent that is asserts § 1983 claims against the Mayor is subject to

5

dismissal under the standards developed in Capone.

Next, with respect to Plaintiff's requests for compensatory and punitive damages, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Thus, Wilkins' requests for compensatory and punitive damages are premature under Heck because he cannot maintain a cause of action for monetary damages until his underlying state criminal conviction is rendered invalid. If Plaintiff is able to successfully challenge his Dauphin County conviction, he may then reassert his claim for damages in a properly filed civil rights complaint.

Furthermore, the United States Court of Appeals for the Third Circuit has recognized that civil rights claims seeking release from confinement sound in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985). In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ...

that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  Id. at 646.  Pursuant to Georgevich and Edwards, Plaintiff's present request for declaratory relief is also not properly raised in a federal civil rights complaint.

In conclusion, since the Plaintiff's § 1983 claims are "based on an indisputably meritless legal theory" they will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.

**Pendent Jurisdiction**

It has long been recognized that federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

28 U.S.C. § 1367(c)(3) (1997) provides that a district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction.  Once the basis for federal jurisdiction disappears, a district court should only exercise its discretion to entertain pendent claims if extraordinary circumstances exist.  New Jersey Department of Enviromental Protection v. Glouchester Enviromental Management, 719 F. Supp. 325, 337 (D. N.J. 1989).

Since this Court has concluded that Plaintiff's § 1983 claims are subject to dismissal, it will not exercise jurisdiction over his pendent state law claims.

Wilkins' surviving state law claims will be remanded to the Dauphin County Court of Common Pleas.   Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's claims under 42 U.S.C. § 1983 are dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915A.
2. The Plaintiff's surviving state law claims are remanded to the Dauphin County Court of Common Pleas.
3. The Clerk of Court is directed to close the case.
3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge